UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-06008-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TORRENCE ALLEN,

    Defendant.
_____/



FILED by _____ D.C.

MAY 1 2 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Referral (DE 34) from United States District Judge Daniel T. K. Hurley for an evidentiary hearing (if requested), to entertain argument, and for a report and recommendation. Pending before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(2), filed January 18, 2008. The Government filed its Response (DE 33) on March 10, 2008. The Defendant replied (DE 39) on April 28, 2008. The Court held an evidentiary hearing on April 29, 2008. This matter is now ripe for review.

## BACKGROUND

The Defendant was charged by information (DE 8) in the Southern District of Florida, on January 20, 1995, with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. The Defendant waived indictment (DE 9). On February 9, 1995, the Defendant pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine pursuant to a written plea agreement (DE 20). At the conclusion of the Defendant's sentencing hearing on June 16, 1995, United States District

Judge Daniel T. K. Hurley sentenced the Defendant to a term of 480 months imprisonment, followed by 5 years of supervised release.

## PARTIES' CONTENTIONS

The Defendant, pro se, moves the Court to reduce the term of imprisonment imposed upon him as a result of his conviction for conspiracy to possess with intent to distribute crack cocaine.[1] The Defendant seeks a reduction in sentence in light of Amendment 706 to the Sentencing Guidelines. Defendant argues that when the "court addresses the retroactive provision . . . this review of law, permits the court, within its advisory discretion, to review all previous guideline factors which were used to increase defendant's sentence, under the mandatory sentencing scheme." Defendant relies upon United States v. Booker and Kimbrough v. United States in support of a full reconsideration of his sentence. Defendant seeks immediate release. Defendant argues that the Court may consider the factors in 18 U.S.C. 3553(a) and decide if a non-guideline sentence "would be appropriate when correcting and modifying the original sentence." Defendant further argues that he has been "incarcerated beyond the 10 year minimum provision of 841(b)(1)(A)" and a sentence for time served may be granted due to his medical condition. Defendant states that he suffered a severe stroke, caused by hypertension, which has left his right side totally paralyzed.

The Government argues that Defendant's Motion must be denied pursuant to 18

---

[1] The Defendant filed the instant Motion pro se. On February 28, 2008, United States District Judge Daniel T. K. Hurley Ordered (DE 32) the Office of the Federal Public Defender to represent the Defendant in the resolution of this matter. This case was assigned to Assistant Federal Public Defender Bernardo Lopez, who filed a Reply on behalf of the Defendant on April 28, 2008.

2

U.S.C. 3582(c)(2), and Section 1B1.10 of the United States Sentencing Guidelines (USSC), because Defendant's sentencing guideline range does not change as a result of Amendment 706. Defendant's original sentencing guideline range was 360 months to life imprisonment. The Government argues that under the amended guidelines Defendant's sentencing guideline range is 360 months to life imprisonment. The Government submits that under the amended sentencing guidelines Defendant's total offense level is 37 based on his career offender status and his criminal history category level VI.

The Government further maintains that Defendant's contentions that a full re-sentencing under Booker and Kimbrough is without merit, because these decisions may not be applied in a "Section 3582(c)(2) proceeding as a basis for reducing a sentence below the amended guideline range."

Defendant replies that he "was not [originally] sentenced as a career offender." Defendant argues his original sentence was a "straight application of the offense level corresponding to the amount of crack cocaine involved in his case." The Defendant's original offense level was 38. Under the amended guidelines Defendant argues his offense level is 36 with a corresponding amended guideline range of 324 to 405 months imprisonment.

### UNITED STATES PROBATION OFFICE RESPONSE TO DEFENDANT'S PRO SE MOTION

Pursuant to the Court's February 28, 2008 Order (DE 32, DTKH), the United States Probation Office ("USPO") submitted a "short form report" to the Court on March 5, 2008. The USPO short form report responds to five questions posed by United States District Judge Daniel T. K. Hurley (DE 98) concerning the Defendant's eligibility for reduction in

sentence as follows:

(a). The calculation of the guideline range at the time of the Defendant's original sentencing;

| | |
|---|---|
| Total Offense Level | 38[2] (based upon 848g cocaine base) |
| Criminal History Category | VI |

(b). The sentence originally imposed;

On 6/16/1995 Defendant was sentenced to 480 months imprisonment, followed by a 5 year term of supervised release.

(c). The calculation of the guideline imprisonment range under the revised guidelines;

| | |
|---|---|
| Base Offense Level | 34 |
| Base Offense Increased to Level | 36 (Defendant used a person less than 18 years of age to commit the offense) |
| Base Offense Increased to Level | 37 (Defendant is a career offender) |
| Total Offense Level | 37 |

(d). The Probation's Office recommendation;

The USPO short form states: "[b]ased on a total offense level of 37 and a criminal history category of VI, the guideline imprisonment range remains 360 months to life imprisonment. Therefore, the probation office respectfully recommends the defendant's motion be denied."

## EVIDENTIARY HEARING

The Defendant appeared before the Court represented by Assistant Federal Public Defender ("AFPD") Bernardo Lopez on April 29, 2008, for an evidentiary hearing on his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(2). Assistant United States Attorney Marc Anton appeared for the Government. As a threshold matter, the parties agree that Amendment 706 to the United States Sentencing Guidelines, which

---

[2] The PreSentence Investigation Report ¶18 calculates the original base level offense as 36 (based on 848 grams of crack cocaine), plus "two additional levels are added as the offense involved an underage person. Accordingly, the total base offense level is 38."

retroactively reduces the base offense level for crack cocaine offenses by two levels, applies to this case. However, the parties disagree as to the amended guideline range applicable to Defendant. The Government argues that while Amendment 706 reduces Defendant's base offense level two levels, this reduction does not result in any change to the Defendant's sentencing guideline range. Defendant argues that Amendment 706 changes his sentencing guideline range.

Defendant argues that he was not originally sentenced as a "career offender" because the Government opted to go with a "higher" offense level of "38" based on the quantity of drugs involved in the offense. Defendant argues that the Government cannot attach the career offender status to him at this stage of the sentencing proceeding. Defendant argues that applying Amendment 706 to his original total offense level of 38 reduces his total offense level to 36 which combined with his criminal history points results in an amended sentencing guideline range of 324 to 405 months imprisonment. Defendant argues this Court has jurisdiction to reduce Defendant's sentence under Amendment 706 to compensate for the racially discriminatory sentencing disparities between crack and powder cocaine. Furthermore, Defendant argues that the Court may consider his physical condition in light of his stroke in determining a reduction in sentence. The Government argues that United States District Judge Daniel T. K. Hurley in the Memorandum of Sentencing Hearing and Report of Statement of Reasons adopted the factual findings and guideline application in the PreSentence Investigation Report, which includes a finding that the Defendant is a career criminal.

## DISCUSSION

The issue before the Court is whether the Defendant's term of imprisonment should be reduced, in light of Amendment 706 to the United States Sentencing Guidelines ("USSG"), which reduces the base offense level for cocaine based offenses two levels. See U.S.S.G., Supplement to App. C. Amend. 706. Amendment 706 became effective November 1, 2007. Id. On December 11, 2007, the United States Sentencing Commission added Amendment 706 to the list of amendments in Section 1B1.10(c) of the United States Sentencing Guidelines which may be applied retroactively, effective March 3, 2008.

A district court has discretion under 18 U.S.C. 3582(c)(2) to reduce the term of imprisonment of a defendant already incarcerated when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).[3] U.S. v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). According to Eleventh Circuit precedent, in considering a motion for such a reduction a district court must engage in a two part analysis. Id. First, the court "must recalculate the sentence under the amended guidelines," by substituting the "amended guideline range" for the "originally applied guideline range." Id. The court uses "the new base level to determine what ultimate sentence it would have imposed." Id. "In undertaking this first step, only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." United States v. Vautier, 144

---

[3] 18 U.S.C. 3582(c)(2) provides in pertinent part:
( c) The court may not modify a term of imprisonment once it has been imposed except that - -
. . .
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, is such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

F.3d 756, 760 (11th Cir. 1998). Second, the court must decide whether, in its discretion, to reduce the defendant's original sentence based upon the amended guidelines. Bravo, 203 F.3d at 781. The court considers the factors listed in 18 U.S.C. 3553(a) when determining whether or not to reduce the defendant's original sentence, to the extent consistent with the Sentencing Guidelines policy statement. Vautier, 144 F.3d at 760; Bravo, 203 F.3d at 781.

The relevant United States Sentencing Guidelines policy is Section 1B.1.10, as amended by Amendment 713 and effective March 3, 2008. Section 1B.1.10(a) articulates the proper procedure for implementing a retroactively applied amendment. It states in pertinent part:

> Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)
> (a) Authority.--
>   (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>   (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>     (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>     (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
>   (3) Limitation.--Consistent with subsection (b),

7

> proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In considering Defendant's instant Motion for Modification of Sentence, the Court applies a two-part analysis pursuant to Eleventh Circuit precedent. First, the Court recalculates Defendant's sentence under the amended guidelines, by substituting the amended guideline range for the originally applied guideline range. Here, the Court finds that the Defendant was found to be a career offender at his original sentencing. At Defendant's sentencing, United States District Judge Daniel T. K. Hurley clearly adopted the factual findings and guideline application of the PreSentence Investigation Report which states in pertinent part:

> 24. Chapter Four Enhancements: The Defendant meets the criteria for a career offender, pursuant to U.S.S.G. 4B1.1, which provides the criteria for a career offender as follows: 1) the defendant was at least 18 years old at the time of the instant offense, 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and 3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
>
> . .
>
> 26. Although the defendant's offenses level as a career offender is 37, the offense level remains at 38 inasmuch as the otherwise applicable offense level is greater than the offense level for a career offender (37), pursuant to U.S.S.G. 4B.1.1."

This Court is keenly aware of the limitations imposed upon the Court when considering a modification to a Defendant's sentence based on a sentencing range that was subsequently lowered by the Sentencing Commission. U.S. v. Bravo, 203 F.3d at 780. Importantly, this Court in undertaking part one of the Eleventh Circuit test for application of reduction of sentence is limited to only a consideration of whether or not the amended

sentencing guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." United States v. Vautier, 144 F.3d at 760. Absent any change to Defendant's sentencing guideline range this Court lacks jurisdiction to modify Defendant's sentence under 18 U.S.C. § 3582(c)(2). Here, the District Court in adopting the PreSentence Investigation Report at the original sentencing determined the Defendant was a career offender. For purposes of this proceeding that original decision remains intact.

Accordingly, the Court finds Defendant's sentencing guideline range in light of Amendment 706 to be as set forth by the United States Probation Office in the short form report, which states::

> "[u]nder the new guideline amendment, the defendant has a base offense level of 34, 2D1.1(a)(3). The defendant used a person less than 18 years of age to commit the offense, and the base offense is increased two levels, pursuant to 3B1.4, to a level 36 . . . As the defendant is a career offender, his offense level is increased to a level 37, pursuant to 4B1.1(b)(A). Based on a total offense level of 37 and criminal history category category of VI, the guideline range remains 360 months to life imprisonment."

Because Defendant' sentencing guideline range under Amendment 706 is identical to his original sentencing guideline range the Court is not authorized to consider a reduction in Defendant's sentence. Section 1 B1.10(a)(2)(B) of the USSG provides that a reduction in sentence is "not consistent with this policy statement and therefore is not authorized ... under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." Accordingly, the Court recommends that the District Court deny Defendant's claim for relief under 18 U.S.C. 3582(a) because Amendment 706 does not alter Defendant's sentencing guideline range.

RECOMMENDATION

Based on the foregoing findings, this Court RECOMMENDS to the District Court that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(2), filed January 18, 2008 be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within ten (10) days after being served a copy. 28 U.S.C. §636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 12 day of May 2008.

ANN E. VITUNAC
United States Magistrate Judge

Copies:
United States District Judge Daniel T. K. Hurley
All counsel of record