UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 95-06008-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TORRENCE ALLEN,

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING MOTION TO REDUCE SENTENCE

**THIS CAUSE** is before the court upon the defendant's motion to reduce sentence [DE # 30] and the report and recommendation of the Honorable Ann E. Vitunac, United States Magistrate Judge [DE # 41]. Defendant filed an objection to the report and recommendation [DE # 42].

Pursuant to 28 U.S.C. § 636, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The statute requires that objections be filed within ten days of service of the report and recommendation. *See id.*

On February 9, 1995, defendant pled guilty to one count of conspiracy to possess with intent to distribute 848 grams of crack cocaine, in violation of 21 U.S.C. § 846. At the defendant's original sentencing on June 16, 1995, defendant's original total offense level was calculated as 38, reflecting a base offense level of 36 pursuant to § 2D1.1, and a two-level enhancement for defendant's

involvement of a person less than eighteen years of age to commit the offense. Defendant's criminal history category was calculated as VI, yielding an original imprisonment range of 360 months to life imprisonment. The court imposed a 480-month term of imprisonment.

Defendant argues that, under the amended guidelines, he would be assigned a total offense level of 36 which, when combined with a criminal history category of VI, yields a revised imprisonment range of 324-405 months. The government argues that because the defendant is a career offender, his total offense level under the new guidelines is 37, which leaves the guideline imprisonment range unchanged at 360 months to life imprisonment. Defendant responds that because the total offense level used at sentencing to calculate his imprisonment range under the then-mandatory guidelines derived from § 2D1.1 (with a two-level enhancement), not from § 4B1.1, he was not actually determined to be a career offender at the original sentencing. Defendant goes on to argue that he should not be deprived of the benefit of recent Amendment 706 to the Sentencing Guidelines based on a career-offender finding that was not made at the original sentencing.

The pre-sentence investigation report noted that "the Defendant meets the criteria for a career offender pursuant to a U.S.S.G. 4B1.1." PSI ¶ 24. As the magistrate judge pointed out, this court clearly adopted the factual findings and legal conclusions of the PSI in their entirety at the original sentencing, including the finding that defendant qualified as a career offender. That defendant's career-offender status did not affect his total offense level at the original sentencing does not nullify the court's finding that defendant was, in fact, a career offender. Thus, because defendant is a career offender, he is assigned a total offense level of 37 pursuant to U.S.S.G. § 4B1.1. Combined with a criminal history category of VI, this yields the same imprisonment range (360 months to life) under which defendant was originally sentenced. Because defendant's guideline imprisonment range has

2

Order Adopting Report and Recommendation of Magistrate Judge and Denying Motion to Reduce Sentence
U.S. v. Allen
Case No. 95-06008-CR-HURLEY/VITUNAC

not been lowered, a reduction in sentence is not authorized by 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B).

Accordingly, after due consideration of defendant's motion, the government's response, defendant's reply, the report and recommendation of the magistrate judge, and defendant's objection, it is hereby **ORDERED** and **ADJUDGED** that:

1. The report and recommendation of the United States Magistrate Judge [DE # 41] is **ADOPTED** in its entirety and incorporated herein by reference.

2. Defendant's motion to reduce sentence [DE # 30] is **DENIED**.

3. The defendant is advised that a notice of appeal, if any, must be filed within **TEN (10) DAYS** of entry of this order on the court's docket. If the defendant cannot afford to retain counsel on appeal, and wishes to appeal this order, the court will maintain the appointment of the Office of the Federal Public Defender to represent the defendant on appeal.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this 30 day of May, 2008.

Daniel T. K. Hurley
U.S. District Judge

*Copies to:*
Federal Public Defender
United States Probation Office
United States Attorney's Office