UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 95-cr-6008-UU

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TORRENCE ALLEN,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

The First Step Act of 2018 (FSA 2018) authorizes retroactive application of the Fair Sentencing Act of 2010 (FSA 2010) to federal inmates who were sentenced prior to enactment of the FSA 2010. On February 9, 1995, Mr. Allen, pursuant to a written plea agreement, entered a plea of guilty to a single-count information. PSR ¶ 1. The one-count information charged that Mr. Allen conspired to possess with intent to distribute "a detectable amount" of crack cocaine. (DE 8). On June 22, 1995, this Court sentenced Mr. Allen to a 480-month term of imprisonment. (DE 28). Mr. Allen has been in custody since May 1995. According to the Federal Bureau of Prisons, Mr. Allen currently has a release date of April 24, 2030.

Because Mr. Allen was sentenced prior to 2010, the FSA 2018 authorizes this Court to resentence Mr. Allen as if the FSA 2010 was "in effect at the time the covered offense was committed." Application of the FSA 2010 to the offense charged in the information requires the immediate release of Mr. Allen. Specifically, the

1

offense charged in the information, conspiracy to possess with intent to distribute a detectable amount of crack cocaine, carries a **maximum** sentence of twenty years under the FSA 2010.  21 U.S.C. § 841(b)(1)(C).  Mr. Allen has already been imprisoned for more than twenty years.  Accordingly, the FSA 2018 authorizes Mr. Allen's immediate release.  In addition, the interests of justice warrant a resentencing of Mr. Allen under the FSA 2018.

### A.   Mr. Allen is Eligible for Resentencing Under the FSA 2018

Section 404 of the First Step Act of 2018 (FSA 2018), which was enacted on December 21, 2018, independently authorizes a district court to impose a reduced sentence for crack-cocaine convictions where the statutory penalty provisions of the Fair Sentencing Act of 2010 (FSA 2010) would have applied had that Act been in effect at the time of the original sentencing.  Mr. Allen entered a plea of guilty to a one-count complaint charging him with conspiracy to possess with intent to distribute "a detectable amount" of crack cocaine in violation of 21 U.S.C. § 841(a). (DE 8).  This Court sentenced Mr. Allen to a 480-month term of imprisonment.  (DE 28).

The FSA 2010 was the culmination of a decades-long push to rectify the injustice inherent in federal crack cocaine sentencing that began soon after the Anti-Drug Abuse Act of 1986 (1986 Act), 100 Stat. 3207 (1986), ushered in a vast disparity in sentencing between offenses involving powder cocaine and offenses involving crack cocaine.  As the Supreme Court noted:

> Crack cocaine was a relatively new drug when the 1986 Act was signed into law, but it was already a matter of great public concern: "Drug

> abuse in general, and crack cocaine in particular, had become in public opinion and in member's minds a problem of overwhelming dimensions." 1995 Report 121. Congress apparently believed that crack was significantly more dangerous than powder cocaine in that: (1) crack was highly addictive; (2) crack users and dealers were more likely to be violent than users and dealers of other drugs; (3) crack was more harmful to users than powder, particularly for children who had been exposed by their mother's drug use during pregnancy; (4) crack use was especially prevalent among teenagers; and (5) crack's potency and low cost were making it increasingly popular. See 2002 Report 90.

*Kimbrough v. United States*, 552 U.S. 85, 95-96, 128 S. Ct. 558, 567 (2007) (citing United States Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy (Feb. 1995); United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (May 2002)). The Supreme Court noted that, as directed by Congress, the Sentencing Commission established sentencing guidelines based on the 100:1 ratio that Congress used in setting the triggering amount for mandatory-minimum sentences where it would take 100 times more powder cocaine to trigger the same mandatory minimum as crack cocaine.

However, after the guidelines went into effect, the Sentencing Commission determined that the sentencing disparity between crack and powder cocaine was "unwarranted" and "concluded that the disparity 'fails to meet the sentencing objectives set forth by Congress.'" *Kimbrough*, 552 U.S. at 97-98, 128 S. Ct. at 568. Specifically, the Sentencing Commission identified three main problems with the sentencing disparity between crack and powder cocaine. First, it determined that the assumptions about the "relative harmfulness" of the two drugs and the harmful conduct associated with their use were not supported by recent research and data.

3

*Id.* Second, the Commission concluded that the sentencing disparity between crack and powder cocaine actually resulted in harsher punishment for low-level dealers compared with major drug traffickers which was contrary to the stated goals of the 1986 Act. Finally, the Commission found that the more severe crack sentences disproportionally affected African-Americans who comprised approximately 85% of defendants convicted of crack offenses in federal court. That, in turn, fostered a "disrespect for and lack of confidence in the criminal justice system." *Id.*

On April 29, 2009, Lanny A. Breuer, Assistant Attorney General in the Criminal Division of the United States Department of Justice, testified before the United States Senate Committee on the Judiciary at a hearing entitled, "Restoring Fairness to Federal Sentencing: Addressing the Crack-Powder Disparity." Mr. Breuer testified as follows:

> Since the United States Sentencing Commission first reported 15 years ago on the differences in sentencing between crack and powder cocaine, a consensus has developed that the federal cocaine sentencing laws should be reassessed. Indeed, over the past 15 years, our understanding of crack and powder cocaine, their effects on the community, and the public safety imperatives surrounding all drug trafficking has evolved. The refined understanding, coupled with the need to ensure fundamental fairness in our sentencing laws, policy, and practice, necessitates a change. We think this change should be addressed in this Congress, and we look forward to working with you and other Members of Congress over the coming months to address the sentencing disparity between crack and powder cocaine.

Restoring Fairness to Federal Sentencing: Addressing the Crack Powder Disparity: Hearing Before the Senate Committee on the Judiciary, Subcommittee on Crime and Drugs, 111th Cong. (April 29, 2009) (Statement of Lanny A. Breuer, Assistant Attorney General, Criminal Division, United States Department of Justice),

available at https://www.judiciary.senate.gov/imo/media/doc/09-04-29BreuerTestimony.pdf (April 29, 2009) at 2 (last visited February 8, 2019).

On August 3, 2010, the Fair Sentencing Act of 2010 (FSA 2010) became law increasing the amount of crack cocaine required to trigger the various mandatory-minimum sentences under 21 U.S.C. § 841(b).  Pub. L. No. 111-220, 124 Stat. 2372. Based on the FSA 2010, the sentencing guidelines for crack offenses were amended and made to apply retroactively.  U.S.S.G., App. C, amend. 750.  The Sentencing Commission subsequently amended the crack sentencing guidelines further. U.S.S.G., App. C, amend. 782.

Now, Congress, not the Sentencing Commission, has deemed that the reduced penalty provisions of the FSA 2010 be applied retroactively to defendants who were sentenced prior to 2010.  The First Step Act of 2018 (FSA 2018) creates a freestanding remedy to retroactively reduce sentences of this type. Basically, it aims to let courts impose reduced sentences on any prisoner who is still serving a sentence for a crack-cocaine offense if that sentence was imposed when the pre-FSA 2010 penalty structure still applied. Section 404 of the FSA 2018 establishes its remedy in two steps, and it clearly applies to Mr. Allen.

First, the Act defines what offenses are covered by its remedy:

Definition of Covered Offense:  In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

FSA 2018 § 404(a). Mr. Allen's drug offense is a "covered offense." Section 2 of the FSA 2010 "modified" the "statutory penalties" under § 841(b) for "violation[s]" of 21 U.S.C. §§ 841(a) and 846 that involved crack cocaine, which were in fact Mr. Allen's violations. And he committed and was convicted and sentenced for those violations before August 3, 2010.

Second, the Act provides the circumstances under which a district court can reduce the sentence for defendants who were previously sentenced for a "covered offense":

> Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

FSA 2018 § 404(b). This Court previously "imposed a sentence" on Mr. Allen "for a covered offense," and he is moving for imposition of a reduced sentence. Thus, this Court can now "impose a reduced sentence" on Mr. Allen for his crack-cocaine offenses applying the new penalty structures of the FSA 2010.

Third, the FSA 2018 provides narrow limitations on this resentencing power. A court shall not entertain a motion made under Section 404 of the First Step Act to reduce a sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," or "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." FSA 2018 § 404(b). Neither of these limitations apply to Mr.

6

Allen. Mr. Allen is currently serving a 480-month term of imprisonment on the crack conviction, and this is his first Section 404 motion. This Court has the authority to impose a new, reduced sentence for his crack-cocaine conviction.

### B.     The Court should order Mr. Allen's immediate release.

The only guidance Congress has given regarding the authorized extent of Section 404 relief is to say that the district court may impose a reduced sentence "as if" the FSA's reduced crack-cocaine penalties "were in effect at the time the covered offense was committed." This broad grant of resentencing authority contains one implied limitation, that the court cannot impose a sentence lower than the statutory mandatory minimum applicable under the FSA 2010 to the defendant's offense of conviction. That does not apply here.

Again, Mr. Allen entered a plea of guilty to a one-count information which charged him with conspiracy to possess with intent to distribute "a detectable amount" of crack cocaine. Under the FSA 2010, that charge carries a **statutory maximum** sentence of **twenty years**. 21 U.S.C. § 841(b)(1)(C). Applying the FSA 2010 as if it "were in effect at the time the covered offense was committed" means that the Court cannot sentence Mr. Allen to a sentence in excess of twenty years. As noted above, Mr. Allen has been in custody since 1995, and thus he has been imprisoned for more than twenty years. Accordingly, applying the FSA 2010 to Mr. Allen requires his immediate release.

## Conclusion

Mr. Allen is eligible for a sentence reduction under Section 404 of the FSA 2018 which grants this Court the authority to reduce sentences imposed under the excessively-harsh penalty structure that Congress has now renounced. Mr. Allen respectfully asks that the Court reduce his crack-cocaine sentence to the statutory maximum term of twenty years and this Court order his immediate release.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:   *s/Bernardo Lopez*
      Bernardo Lopez
      Assistant Federal Public Defender
      Florida Bar No. 884995
      One East Broward Boulevard, Suite 1100
      Fort Lauderdale, Florida 33301
      Tel: (954) 356-7436
      E-Mail: Bernardo_Lopez@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Bernardo Lopez
Bernardo Lopez