**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:95-cr-06008-UU

UNITED STATES OF AMERICA,

v.

TORRENCE ALLEN,

          Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court upon Defendant's counseled Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (D.E. 83) (the "Motion").

THE COURT has reviewed the Motion, the Government's response thereto (D.E. 90), the Defendant's reply in support thereof (D.E. 91), and pertinent parts of the record and is otherwise fully advised in the premises.

For the following reasons, the Motion shall be granted.

### I.    BACKGROUND

On January 20, 1995, the United States charged that Defendant Torrence Allen conspired to possess with intent to distribute "a Schedule II narcotic controlled substance, that is, a mixture and substance containing *a detectable amount* of cocaine, containing cocaine base, that is crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846." D.E. 8 (the "Information") (emphasis added).[1] The Information

---

[1] On January 23, 1995, Mr. Allen waived prosecution by indictment and consented that the proceeding may be by the Information rather than by indictment.  D.E. 9.

did not specify a penalty provision of Section 841(b)(1), i.e., did not charge a specific quantity of crack cocaine.[2]

On February 9, 1995, Mr. Allen pled guilty to the sole count in the Information. Presentence Investigation Report ("PSR") ¶ 1. His plea was pursuant to a written plea agreement. *Id.*; D.E. 17 (the "Plea Agreement"). The Plea Agreement adopts the Information's language charging Mr. Allen with "conspiracy to possess with the intent to distribute a mixture and substance containing *a detectable amount* of cocaine base...." D.E. 17 ¶ 1 (emphasis added). The record contains no transcript of an oral proffer nor a written factual proffer to accompany the Plea Agreement.

The United States Probation Office's PSR noted that the total amount of cocaine confiscated in connection with Mr. Allen's offense was 848 grams of crack cocaine. PSR ¶ 13. Accordingly, in calculating the base offense level under U.S.S.G. § 2D1.1, the PSR states in pertinent part: "The total amount of drugs seized in this offense was 848 grams of crack cocaine, and the offense level for an offense involving at least 500 grams but less than 1.5 kilograms of crack cocaine is 36." *Id.* ¶ 18. The PSR then included two additional levels to the base offense because the offense involved an underage individual, pursuant to U.S.S.G. § 2D1.2(a)(1). *Id.* As a result, Mr. Allen's base offense level was calculated at 38. *Id.* Mr. Allen also met the criteria for a career offender, pursuant to U.S.S.G. § 4B1.1. *Id.* ¶ 24. But because the career offender offense level was 37, the offense level remained as the base offense level of 38, pursuant to U.S.S.G. § 4B1.1. *Id.* ¶ 26. Mr. Allen requested, but did not receive, an acceptance of responsibility adjustment. *See id.* ¶ 27; *see also* Statement of Reasons ("SOR").

---

[2] However, the Criminal Complaint was supported by an affidavit stating that law enforcement officers seized two packages of crack cocaine, allegedly provided to the arrestee by Mr. Allen, with a combined "net weight of just under 2 pounds." D.E. 1 ¶¶ 20–21.

With his total offense level of 38 and criminal history category of VI (PSR ¶ 41), Mr. Allen's guideline imprisonment range was calculated at 360 months to life imprisonment. PSR ¶ 73.  The PSR also noted that, for offenses involving 50 grams or more of a mixture or substance containing cocaine base, the then-applicable statutory penalty was a mandatory-minimum term of imprisonment of 10 years and a maximum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (1994); PSR ¶ 72.

United States District Court Judge Daniel T.K. Hurley adopted the factual findings and guideline application in the PSR.  *See* SOR.  On June 16, 1995, Mr. Allen was sentenced to a term of imprisonment of 480 months—10 years above low-end of the guideline range—to include credit for all pretrial detention served.  D.E. 28 (the "Judgment").[3]  According to the Statement of Reasons, Judge Hurley imposed the sentence due to Mr. Allen's "[e]xtreme criminal history and use of firearms in those offenses. Sentence reflects a need to protect the community."  SOR. However, the docket does not contain a transcript  of the sentencing hearing.

Mr. Allen has been in Bureau of Prisons ("BOP") custody since May 4, 1995.  *See* Mot. at 1.  He was 32 years old at the time.  *See* PSR at 2.  His current projected release date is April 24, 2030.  *See* Mot. at 1.

## II.    THE FAIR SENTENCING & FIRST STEP ACTS

In 2010, Congress passed the Fair Sentencing Act to reduce the hundred-to-one disparity in the treatment of crack and powder cocaine offenses.  *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013); *see* Pub. L. No. 111-220, 124 Stat. 2372, § 2 (increasing the quantities of cocaine base that are required for sentencing under 21 U.S.C. § 841(b)(1)(A) and (B)).   As is relevant here, the version of Section 841(b) in place at the time of Mr. Allen's sentencing provided, in

---

[3] The Judgment also provides for a supervised release term of five years following imprisonment, as well as a $50 special assessment.

pertinent part:

> **(1)(A)** In the case of a violation of subsection (a) of this section involving—
>
> …
>
> > **(iii)** 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
> >
> > **…**
> >
> > such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life…
>
> **(B)** In the case of a violation of subsection (a) of this section involving—
>
> …
>
> > **(iii)** 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
> >
> > **…**
> >
> > such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years….

21 U.S.C. § 841(b) (1994).

The Fair Sentencing Act of 2010 changed "50 grams" to "280 grams" in Section 841(b)(1)(A) and changed "5 grams" to "28 grams" in Section 841(b)(1)(B). Pub. L. No. 111-220, 124 Stat. 2372, § 2. However, the Fair Sentencing Act did not apply retroactively until Congress passed the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194.  Section 404 of the First Step Act provides that a court that imposed a sentence for a covered offense[4] "may, on motion of the defendant…impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010…were in effect at the time the covered offense was committed."  *Id.* § 404(b).  The court, however, is not required to reduce any sentence. *Id.* § 404(c). Additionally, the First Step Act does

---

[4] A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010…that was committed before August 3, 2010." Pub. L. No. 115-391, 132 Stat. 5194, § 404(a).

not afford a sentence reduction if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act or if a previous motion under First Step Act Section 404 (after the First Step Act's enactment) was denied on the merits.  *Id.*

### III.    18 U.S.C. § 3582(c)(1)(B)

The procedural vehicle to bring a First Step Act Section 404 claim is under 18 U.S.C. § 3582(c)(1)(B).  *See, e.g.*, *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2–3 (S.D. Fla. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Kamber*, No. 09-cr-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019). *But see United States v. Dodd*, No. 3:03-cr-00018-3, 2019 WL 1529516, at *2 n.2 (S.D. Iowa Apr. 9, 2019) ("As section 404 of the First Step Act authorizes a reduction in sentence by its own terms, it would be effective even absent the existence of 18 U.S.C. § 3582(c)(1)(B) as complementary authority.").

Section 3582(c)(1)(B) provides that a court "may not modify a term of imprisonment once it has been imposed except that … the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).  Thus, in reviewing whether Mr. Allen is entitled to a sentence modification, the Court adheres to the permission granted by the First Step Act.

### IV.    APPLICATION

Mr. Allen is not barred by Section 404(c) from obtaining First Step Act relief.  His sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act.

The parties debate what it means for this Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010…were in effect at the time the covered offense was

5

committed."  Mr. Allen argues that because the Information charges only a "detectable amount" of crack cocaine, his statutory penalty would be controlled by Section 841(b)(1)(C), which provides a maximum term of imprisonment of 20 years.  On the other hand, the Government argues that because the original PSR shows that 848 grams of crack cocaine was attributed to Mr. Allen, Mr. Allen was sentenced under Section 841(b)(1)(A).  *See* PSR ¶ 72; SOR.  Thus, per the Government, Mr. Allen would still be subject to a Section 841(b)(1)(A) penalty—that is, a statutory penalty range of 10 years to life imprisonment—even after the Fair Sentencing Act's increase from 50 grams to 280 grams for that subsection.  *See* Pub. L. No. 111-220, 124 Stat. 2372, § 2(a)(1).

Mr. Allen argues that if this Court, in imposing a modified sentence today, were to apply the Section 841(b)(1)(A) penalty—which was based on the sentencing court's finding that he was accountable for 848 grams of crack cocaine, rather than on the language of the Information—such application would violate *Alleyne v. United States* and *Apprendi v. New Jersey*.  *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) (concluding that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").  The Government responds that the First Step Act authorizes this Court only to examine whether the Fair Sentencing Act's increase of the 841(b)(1)(A) quantity threshold from 50 grams to 280 grams makes any difference in Mr. Allen's case, treating the 848-gram sentencing determination as conclusive.  Because it does not, per the Government, *Alleyne* and *Apprendi* are beside the point.

This issue has not been addressed by the Eleventh Circuit Court of Appeals. Upon careful consideration, the Court agrees with Mr. Allen.  In imposing the modified sentence, the Court must consider *Alleyne* and *Apprendi*.  *See Dodd*, 2019 WL 1529516, at *2 ("Both *Apprendi* and *Alleyne* are binding on this Court for sentencings held today. That these procedural rules do not trigger a right to relief retroactively on collateral review, *see Walker v. United States*, 810 F.3d 568, 574–75 (8th Cir. 2016), is distinct from whether they apply to proceedings independently authorized under the First Step Act.").  While *Alleyne* and *Apprendi* had not been decided at the time of Mr. Allen's original sentencing,[5] *Apprendi* had been the law of the land for approximately a decade by the time the Fair Sentencing Act was enacted.  When Congress enacts statutes, it may be presumed that Congress is aware of relevant judicial precedent.  *See, e.g.*, *Merck & Co. v. Reynolds*, 559 U.S. 633, 648 (2010); *Edelman v. Lynchburg College*, 535 U.S. 106, 116–17 & n.13 (2002).  Likewise, when the First Step Act was enacted, *Apprendi* had been precedent for more than 18 years and *Alleyne* had been precedent for more than 5 years.  Now that the Court is authorized to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010…were in effect at the time" Mr. Allen committed his offense, *see* First Step Act § 404(b), the Court presumes that Congress intended that, absent a factual finding either by stipulated proffer or by a jury, of the controlled substance weight, the default statutory penalty is found in Section 841(b)(1)(C).  The "detectable amount" of crack cocaine for which Mr. Allen was charged and to which he pled guilty controls in light of the binding Supreme Court precedent.

---

[5] Indeed, then-applicable Eleventh Circuit law held that "the weight or quantity of a controlled substance is not an element of the offense that must be included in a § 841(a)(1) indictment." *United States v. Perez*, 960 F.2d 1569, 1574 (11th Cir. 1992) (citing *United States v. Williams*, 876 F.2d 1521, 1524–25 (11th Cir. 1989)).  "Because the quantity of controlled substance triggering the enhanced penalties provided in § 841(b) is relevant only at sentencing, there is no reason that the quantity involved must necessarily appear in the indictment if the defendant is otherwise on adequate notice that enhanced penalties are available." *Id.*

Thus, based on the "detectable amount" language in the Information and Plea Agreement, Mr. Allen is subject to a Section 841(b)(1)(C) statutory penalty of 0 to 20 years of imprisonment. Under the Guidelines (subject to Amendment 782), Mr. Allen would have a base offense level of 14, representing the level 12 from the Drug Quantity Table in U.S.S.G. § 2D1.1 (for less than 2.8G of cocaine base) plus the additional two levels for an offense involving an underage person, pursuant to U.S.S.G. § 2D1.2(a)(1). But unlike at his original sentencing, the Career Offender enhancement in U.S.S.G. § 4B1.1 puts Mr. Allen at an offense level higher than the base offense level—that is, his Career Offender level under § 4B1.1(b)(3) would be a 32, given that the applicable statutory penalty carries a maximum of 20 years imprisonment. As such, with an offense level of 32 at a criminal history category of VI, and with the statutory maximum of 20 years, Mr. Allen's imprisonment range would be 210 to 240 months.

In this circumstance, the appropriate remedy "is simply to reduce defendant's sentence to the time he has already served." *United States v. Martin*, No. 03-cr-795, 2019 WL 1558817, at *4 (E.D.N.Y. Apr. 10, 2019) (quoting *Untied States v. Sampson*, 360 F. Supp. 3d 168 (W.D.N.Y. 2019)). The Court finds, in its discretion, that Mr. Allen is entitled to a modified sentence of time served and should be immediately released.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 83, is GRANTED. It is further

ORDERED AND ADJUDGED that, pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act, Defendant Torrence Allen's term of imprisonment is reduced to time served. It is further

ORDERED AND ADJUDGED that Mr. Allen remains subject to a supervised release term of five years. It is further

ORDERED AND ADJUDGED that an amended judgment will be filed forthwith.  It is further

ORDERED AND ADJUDGED that the Clerk shall provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

DONE AND ORDERED in Chambers at Miami, Florida, this _15th__ day of April, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record via CM/ECF